IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                          CASE NO. 1:01-cr-41-MP-AK

ANTONIO DENORRIS COLONEL,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This cause is before the Court on Defendant's motion to vacate. Doc. 109. The Government has filed its response, Doc. 111, and Defendant has filed a reply. Doc. 112. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the motion to vacate be denied.

**BACKGROUND**

Defendant was charged with two counts of armed bank robbery and two counts of using, carrying, and brandishing a semi-automatic handgun during and in relation to the bank robberies. Doc. 1. All four counts required the knowing commission of the offenses. *Id*.

Defendant moved to suppress post-arrest statements made to officers and evidence seized from a vehicle. Doc. 12. The motion was denied after hearing. Doc. 48.

Defendant also filed a notice and supplemental notice of alibi, stating that he was in Jacksonville, Florida, at the time of the second robbery in Gainesville, Florida. Docs. 31 & 38.

Thereafter, the Government filed a Notice of Mandatory Penalties, advising Defendant (1) that the maximum sentence for "knowingly using, carrying or brandishing a firearm during or in relation to a crime of violence" is life imprisonment, (2) that "a first conviction for this offense carries a minimum term of seven years imprisonment...if the firearm is brandished," (3) that a "second or subsequent conviction for this offense carries a minimum term of twenty-five years imprisonment," and (4) that "the term of imprisonment imposed for any violation of this statute must run consecutive to any other term of imprisonment imposed."  Doc. 47.

At trial, over the Government's objection, the Court instructed the jury not only on "knowingly," but also on "willfully."  Doc. 95 at 586-87 & 691; *see also* Doc. 62.  While the Government argued the instruction on "willfully" was superfluous and did not apply, defense counsel, Jon Uman, argued he was "comfortable with it because I have always seen it."  Doc. 95 at 586.  Over defense counsel's objections, the Court also instructed the jury in the disjunctive regarding certain elements of the offenses although Defendant had been charged in the Indictment in the conjunctive.  Doc. 95 at 584-85, 684, 686-87, & 689; *see also* Doc. 62.

The jury convicted Defendant on all counts.  Doc. 63.  On November 14, 2002, Defendant was sentenced to concurrent 262-month terms of imprisonment on Counts One and Three, the armed bank robbery counts; a consecutive 84-month term of imprisonment on Count Two, the first firearm count; and a consecutive 300-month term of imprisonment on Count Four, the second firearm count, for a total of 646 months imprisonment.  Doc. 82.

Defendant appealed, arguing that the Court improperly denied his motion to suppress and that the Court improperly sentenced him as a career offender based on a conviction for lewd and lascivious assault on a child pursuant to Fla. Stat. Ann. § 800.04.  Doc. 108.  The Eleventh

Circuit rejected both of these arguments and affirmed. *Id*.

The instant motion to vacate ensued. Each claim will be discussed in turn.

**DISCUSSION**

1.  Failure to object to instruction on "willfully."

In this claim, Defendant argues that he was prejudiced by the inclusion of the instruction on "willfully," because it constructively amended the Indictment, which charged that Defendant committed all offenses "knowingly." Doc. 109.

A constructive amendment of an indictment occurs when a defendant is convicted of charges not included in the indictment. *United States v. Keller*, 916 F.2d 628, 633 (11th Cir. 1990). A jury instruction which constructively amends the indictment is per se reversible error "because such an instruction violates a defendant's constitutional right to be tried on only those charges presented in a grand jury indictment and creates the possibility that the defendant may have been convicted on grounds not alleged in the indictment." *United States v. Cancelliere*, 69 F.3d 1116, 1121 (11th Cir. 1995). However, an instruction is not generally viewed in isolation, but instead, is examined within the context of the entire charge as a whole. *United States v. Weissman*, 899 F.2d 1111, 1113-14 (11th Cir. 1990).

In this case, the Indictment charged Defendant with two counts of "knowingly" taking money from a bank and assaulting and putting in jeopardy the life of another by use of a firearm and two counts of "knowingly" using, carrying, and brandishing a firearm during and in relation to a crime of violence. Doc. 1. The relevant statutes and the pattern jury instructions for those statutes require that the defendant "knowingly" committed the offenses, *see* Offense Instructions 31 & 62.3, *Eleventh Circuit Pattern Jury Instructions–Criminal* (1997); 18 U.S.C. §§ 924(c)(1)

& 2113(a) & (d), and the Court instructed the jury in that vein. Doc. 62. It included, however, in one isolated instance, a general definition of "willfully," which is not an element of any of the charges. Doc. 62; *see also* Offense Instructions 9.1.

While the inclusion of the definition of "willfully" was in error, Defendant did not suffer any prejudice because of counsel's insistence that it be included. The word "willfully" was mentioned only in the one general instruction, the instruction included a proviso that "willfully" be considered only "as that term is used in the indictment or in these instructions," and because the term "willfully" includes an additional finding of a specific intent to "do something the law forbids," its inclusion inured to Defendant's benefit. The Court believes that when the charge is considered as a whole, it is highly unlikely that the jury even noticed the superfluous definition which most certainly did not improperly broaden the scope of the Indictment so as to allow for the possibility that he was convicted of a crime not charged by the grand jury.

  2. Failure to object to instructions in disjunctive.

In this claim, Defendant charges that counsel rendered ineffective assistance when he failed to object to the Court's instructions which were given in the disjunctive, when the Indictment had charged him in the conjunctive. This claim is patently without merit, as counsel did, in fact, raise this precise objection, which was properly overruled by the Court. Doc. 95 at 584-85; *see also United States v. Simpson*, 228 F.3d 1294, 1300 (11th Cir. 2000) (where indictment charged firearms offense in conjunctive, jury was properly instructed in disjunctive); *United States v. Cornillie*, 92 F.3d 1108, 1110 (11th Cir. 1996) (bank robbery conviction affirmed where court instructed in disjunctive, though indictment charged offense in conjunctive).

  3. Failure to object to enhanced sentence on second firearms conviction.

In this claim, Defendant charges that counsel acted ineffectively when he failed to object to the enhanced sentence for a second firearms conviction pursuant to 18 U.S.C. § 924(c)(1)(C)(I). He maintains that he never received notice of the proposed enhancement, and that counsel should have argued a lack of notice at sentencing.

This claim is without merit. Though there is no requirement in the firearms statute that notice of a proposed enhancement be given to a defendant, as there is in the drug statutes, see 21 U.S.C. § 851, the Government did, in fact, file a Notice of Mandatory Penalties, advising Defendant, inter alia, that a second or subsequent conviction for knowingly using, carrying, or brandishing a firearm during or in relation to a crime of violence carried a minimum term of twenty-five years imprisonment. Doc. 47. The Notice was served on counsel almost two weeks before trial, and thus, counsel had no grounds on which to argue that Defendant did not receive fair notice of the proposed enhancement.

   4.   Failure to argue that Defendant did not qualify for enhanced sentence for second firearms conviction.

In this ground, Defendant argues that counsel render ineffective assistance by failing to argue that Defendant did not qualify for imposition of the 25-year enhanced firearms sentence because he did not have a prior firearms conviction which had become final. This claim is patently without merit, as the argument has been specifically rejected by the United States Supreme Court. *See United States v. Deal*, 508 U.S. 129, 134-37 (1993) (statute mandating enhanced sentence in case of "second or subsequent conviction" for using or carrying firearm during and in relation to crime of violence does not require that previous sentence become final prior to commission of offense in order for enhanced sentence to be imposed for that offense).

     5.     Failure of appellate counsel to raise issues on appeal.

In this claim, Defendant maintains that appellate counsel was ineffective for failing to raise Grounds 1-4, *supra*, on appeal. As none of them have merit, counsel was not ineffective for failing to appeal on grounds which are patently baseless.

     6.     Court erred in instructing jury on "willfully" and in framing instructions in disjunctive.

In this claim, Defendant contends that the Court erred in fashioning its instructions, as previously discussed in the context of counsel's effectiveness. *See supra* at Grounds 1 & 2. While appropriate for consideration in the context of ineffective assistance of counsel, claims attacking the Court's instructions to the jury are precisely the type of claims which must be raised on direct appeal or they are deemed procedurally defaulted, as the failure to "advance an available challenge to a criminal conviction or sentence on direct appeal" bars Defendant from presenting the claim in this post-conviction proceeding. *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). Defendant can avoid this procedural bar "only by establishing one of the two exceptions to the procedural default rule." *Lynn*, 365 F.3d at 1234. Under the first exception, he must show cause for not raising the error on direct appeal and actual prejudice from the alleged error. *Id*. To establish cause requires a showing that "some objective factor external to the defense prevented [Defendant] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [Defendant]'s own conduct." *Id*. at 1235. Ineffective assistance of counsel can constitute cause for a procedural default. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Even if he fails to establish cause and prejudice, under the second exception, the procedural default will be excused if a constitutional violation has

probably resulted in the conviction of someone who is actually innocent. *Lynn*, 365 F.3d at 1234. "[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998).

As previously discussed, counsel did not render ineffective assistance with regard to the jury instructions, and Defendant cannot show any other reason for failing to raise the instructions issue on direct appeal. Furthermore, the Court can discern no constitutional violation which has probably resulted in the conviction of an actually innocent person so as to excuse the default.

7. Court erred in imposing enhanced sentence for second firearms conviction.

This claim is merely a restatement of the claims raised in Grounds 3 and 4, *supra*, and further discussion in this context is not warranted. For the reasons previously stated, the claim is without merit.

## CONCLUSION

Having carefully considered the matter, the Court finds no merit to any of Defendant's claims, and therefore, it respectfully **RECOMMENDS** that the motion to vacate, Doc. 109, be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this __*13th*__ day of February, 2008.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and**

**recommendations.**