IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 1:01-cr-00041-MP-AK

ANTONIO DENORRIS COLONEL,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court on Doc. 113, Report and Recommendation of the Magistrate Judge, which recommends that Defendant's Motion to Vacate, Doc. 109, be denied. The Magistrate Judge filed the Report and Recommendation on Wednesday, February 13, 2008. The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

In his Motion to Vacate, Defendant alleges that the jury instructions constructively amended the indictment, and that trial and appellate counsel rendered constitutionally ineffective assistance. After reviewing each allegation, the Magistrate finds no merit to any of Defendant's claims, and recommends that the motion to vacate be denied. In his objections, Defendant contends that trial counsel's assistance was per se unreasonable by failing to object to inclusion of "willfully" in the jury instructions, since this *mens rea* was not alleged in the indictment. As the Magistrate points out, each instruction on each offense defined the requisite mental state as "knowingly." Only in a general definition not tied to any offense was the term "willfully" defined. Since this definition could in no way prejudice the Defendant, counsel cannot be deemed ineffective by failing to object to its inclusion in the instructions.

Defendant also contends that the Magistrate misconstrues one of his arguments. Instead of the failure to provide him notice, the argument Defendant seeks to present is that the Court lacked the authority to enhance his sentence, and therefore counsel was ineffective for failing to object to this. Defendant mistakenly argues that his sentencing enhancement must have been alleged in the indictment by the Government. Defendant's sentence enhancement under the Armed Career Criminal Act did not need to be alleged in an indictment, nor did the Government have to inform Defendant of this enhancement prior to trial–even though the Government did so inform Defendant. Therefore, this objection is without merit.

Next, Defendant argues that his sentence was wrongly enhanced because he does not have a qualifying firearm conviction. As the Magistrate states, this claim is patently without merit, as the argument has been specifically rejected by the United States Supreme Court. The case cited by Defendant, Castillo v. U.S., 530 U.S. 120, 120 S.Ct. 2090 (2000), is inapposite to the issue of whether a prior conviction must be final before it may be used to enhance a sentence. In fact, the Court has made clear that recidivism "is as typical a sentencing factor as one might imagine." Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). There is simply no merit to Defendant's claim that his sentencing enhancement must have been alleged in the indictment and based on a final conviction. For the same reason, the Court agrees with the Magistrate that appellate counsel cannot be deemed ineffective for failing to argue these issues on appeal.

Therefore, having considered the Report and Recommendation, and the objections thereto, I have determined that it should be adopted. Accordingly, it is hereby

*Case No: 1:01-cr-00041-MP-AK*

**ORDERED AND ADJUDGED:**

1.  The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2.  Defendant's Motion to Vacate, Doc. 109, is DENIED.

**DONE AND ORDERED** this   *6th* day of March, 2008

*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge
